### In the Matter of Jeffrey D. HECK, Respondent.

### No. 29S00–1311–DI–736.

Supreme Court of Indiana.

June 30, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent maintained an account for client funds ("Trust Account"). At least as early as December 2005, Respondent had a negative balance in the Trust Account. The Commission sent him a request for an explanation on March 31, 2006. From that date through 2013, Respondent failed to respond to or made incomplete responses to 25 demands for information by the Commission. On three occasions, the Commission filed petitions to show cause why Respondent should not be suspended for noncooperation. In two cases, Respondent cooperated before entry of a suspension order. In the third case, the Court suspended him before he cooperated sufficiently with the Commission to be reinstated.

Respondent made disbursements from the Trust Account using a check-by-phone system. He made disbursements from the Trust Account for personal purposes; for example, paying for his child's private school tuition. From December 16, 2006, through March 3, 2010, Respondent made approximately 47 transfers from the Trust Account that were not based on written withdrawal authorization or that were made payable to "cash." He failed to create and maintain sufficient records and a contemporaneous ledger for his Trust Account. In addition, Respondent held money on behalf of clients in a PayPal account, which was not an IOLTA account.

The parties cite the following facts in aggravation: (1) Respondent's actions were part of a pattern of misconduct; (2) Respondent committed multiple offenses; (3) Respondent obstructed the disciplinary investigation by intentionally failing to comply with rules and orders of the Commission; (4) Respondent has substantial experience in the practice of law.

**Violations:** The parties agree that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rules:

1.15(f): Holding client funds in an account that was not an IOLTA account.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

Ind. Admission and Discipline Rule:

23(29)(a)(1): Failure to keep clients' funds in clearly identified trust account.

23(29)(a)(2): Failure to create or retain sufficiently complete trust account records.

23(29)(a)(3): Failure to maintain a contemporaneous ledger for a trust account.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization and making disbursements from a trust account by checks payable to "cash."

**Discipline:** The parties agree that the appropriate discipline is a one-year suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, beginning August 8, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse,

rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.